It seems clear that the trial court's role at a sexual predator hearing naturally includes a determination of whether the offender has been convicted of a sexually oriented offense. R.C. 2950.09(B)(1) provides that the "judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator." R.C.2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
In the present case, the challenged offense is a felonious assault. Felonious assault is a sexually oriented offense when the assault is committed with a purpose to gratify the sexual desires of the offender. R.C. 2950.01(D)(3). "Whether or not an assault is classified as one which was committed with a purpose to gratify the sexual desires of the offender is a question of fact which rests upon the unique facts and circumstances of each offense." State v. Slade (Dec. 28, 1999), Franklin App. No. 98AP-1618, unreported.
At the sexual predator hearing, the state presented the following evidence from Officer Odam and Detective Urbank. The victim of the current offense was a dancer with an escort service. After arriving at the house,[1] Kirkman demanded that she stay for 3 hours instead of the agreed time period of 30 minutes. A dispute occurred over the fee for a 3-hour visit. Kirkman proceeded to pull a knife on the victim and demanded that she undress and engage in sexual intercourse. The victim sprayed Kirkman with mace. After a physical struggle, the victim was able to grab the knife and get away from Kirkman.
In 1996, Kirkman used a knife to threaten a woman from another escort service. Kirkman demanded that she undress and take a couple of pills to calm her nerves. The woman pretended to take the pills and hid them under her tongue until she could throw them away. Kirkman held the knife at her throat and actually sliced her hand. The woman called 911 and eventually got out of the situation. Kirkman was convicted of kidnapping for this 1996 incident.
The record reflects that Kirkman agreed to a hearing, at which the statute states that the sexual oriented nature of the offense is an issue to be decided by the trial court. At that hearing, the trial court did make a finding that "based on the facts, [this] felonious assault could be classified as a sexually oriented offense." Therefore, it was not error for the trial court to hold the July 9, 2001 sexual predator hearing and to determine at the hearing that Kirkman's offense was sexually oriented.
I concur without reservation in the balance of the majority opinion.
[1] The record reflects that Kirkman did not have authority to be in the house where he met the victim. The house is a halfway house belonging to a church. Kirkman was previously a resident at the halfway house but was asked to leave.